**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHONE DIRECTORIES COMPANY,
INC.,

      Plaintiff-Appellee,

v.

KELLY CLARK, an individual; THE
LOCAL PAGES, INC., a Utah
corporation,

      Defendants-Appellants.

No. 05-4257
(District of Utah)
(D.C. No. 2:00-CV-468-TS)

**ORDER AND JUDGMENT**[*]

Before **HENRY, MURPHY**, Circuit Judges, and **FIGA**, District Judge[**].

    After examining the briefs and the appellate record, this panel has

determined unanimously to grant the parties' request for a decision on the briefs

without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

    [**]The Honorable Phillip S. Figa, United States District Judge for the
District of Colorado, sitting by designation.

## I.  Introduction

Phone Directories Company, Inc. ("PDC") filed a motion for an order requiring The Local Pages, Inc. and Kelly Clark, its owner and president, (collectively "The Local Pages") to show cause why they should not be held in contempt of court for violating a previously entered Stipulated Judgment.  The United States District Court for the District of Utah granted the motion and, after an evidentiary hearing, entered an order of contempt against The Local Pages. The district court concluded The Local Pages had violated four provisions of the Stipulated Judgment.  The Local Pages appeals this order of contempt, arguing (1) the district court lacked jurisdiction to enter the order; (2) there was insufficient evidence to support the district court's conclusion that The Local Pages violated the Stipulated Judgment; and (3) the district court erroneously rejected The Local Pages' defense of substantial compliance.  This court has jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** the district court's order of contempt.

## II.  Background

PDC and The Local Pages are competing publishers of telephone directories.  Clark is the owner and president of The Local Pages.  The two companies often compete directly for yellow page advertising contracts in several areas throughout the United States, including Vernal, Utah.

In a previous lawsuit, PDC filed an amended complaint against The Local Pages, alleging violations of the Lanham Act under 15 U.S.C. § 1125(a) and other

deceptive business practices. The claim was settled pursuant to a Settlement Agreement entered into by the parties and the entry of a Stipulated Judgment. Under the Stipulated Judgment, both parties were enjoined from engaging in a number of deceptive business practices. As relevant to this appeal, the parties were enjoined from the following:

1. Falsely representing to Customers that they are associated with, affiliated with, or in any way represent a Competing Entity.
2. Falsely representing or deceptively passing off or referring to the Competing Entity's telephone directory, or any part thereof, as their own.
3. Falsely representing to Customers that the Competing Entity will no longer publish a telephone directory in a Geographical Area.
4. Falsely representing to Customers that the Party is replacing the Competing Entity as the publisher of telephone directories in a Geographical Area.

Stipulated Judgment at 4-5.

This dispute arises out of the alleged breach of the Stipulated Judgment by The Local Pages. For approximately twenty years, PDC had published a telephone directory in Vernal, Utah, entitled the "Basin Phone Directory," without competition from The Local Pages. The Local Pages, however, decided to publish a competing directory in the area and began selling yellow page advertising for its directory. Shortly thereafter, PDC filed a motion for an order requiring The Local Pages to show cause why they should not be held in contempt for violating the injunction set forth in the Stipulated Judgment. PDC alleged a sales agent of The Local Pages had contacted one of PDC's customers and

claimed she represented Basin Directories, asked to schedule an appointment to renew the customer's advertisement, and stated she was the new Basin Directories' agent. The court granted the motion and held an evidentiary hearing.

At the evidentiary hearing, PDC presented four witnesses to testify regarding the alleged violations. These witnesses all worked for businesses that were PDC customers at the time of the acts in question. The witnesses testified The Local Pages' sales representatives stated or implied they represented the Basin Directory and began their sales pitch by offering to renew the customers' advertisements. Specifically, there was evidence that one representative, Bonnie Ball, carried a PDC directory with her to sales meetings, and that another representative faxed copies of an existing PDC ad to a customer in an effort to confirm the content of the new ad. One witness testified Ball falsely told her Basin Phone Directory would no longer service the area.

In response, The Local Pages offered the testimony of Ball, who denied she had ever made a false statement or intended to deceive PDC's customers. It also presented evidence of a company policy, which required all employees to read and agree to comply with the Stipulated Judgment. Ball, however, testified she had not read the Settlement Agreement or the Stipulated Judgment. In addition, The Local Pages presented evidence of a Code of Conduct in its sales manual, which included restrictions on activities not prohibited by the Stipulated Judgment. It further presented evidence Ball had been warned for violating the

Code of Conduct by bringing a competitor's directory to sales meetings with potential customers.

Following the evidentiary hearing, the district court entered an order of contempt, concluding PDC had proved violations of the Stipulated Judgment by clear and convincing evidence. It found The Local Pages' sales representatives had engaged in conduct that violated each of the four provisions of the Stipulated Judgment listed above. Because it concluded PDC had not presented sufficient evidence of damages, it awarded PDC only costs and attorneys' fees in the amount of $15,763.00. The Local Pages now appeals the order of contempt and the order awarding PDC its costs and attorneys' fees.

## III. Analysis

### A. Jurisdiction

This court must first address The Local Pages' argument that the district court did not have jurisdiction over the contempt proceedings because PDC failed to comply with the procedure in the Settlement Agreement before seeking judicial intervention. Pursuant to the Settlement Agreement, the party alleging breach must notify the other party in writing and allow ten business days for the other party to investigate and propose a remedy. The Agreement provides, "[i]f the parties cannot resolve an alleged breach [through these means], they may then seek court intervention." Because PDC initially filed its motion for order to show

cause without notifying The Local Pages of the alleged breach, The Local Pages contends the district court did not have jurisdiction to consider the motion.

This court reviews jurisdictional questions *de novo*. *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1170 (10th Cir. 2006). In this case, the court need not decide whether PDC adequately complied with the Settlement Agreement because the district court's jurisdiction was not contingent on the Agreement or the parties' compliance with its procedures. It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). "Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Id*. Because the contempt order was based solely on violations of the injunction set forth in the Stipulated Judgment, the district court had jurisdiction, independent of any provisions in a private agreement.[1] Thus, PDC's

---

[1]In support of its argument, The Local Pages cites *Morris v. City of Hobart*, 39 F.3d 1105 (10th Cir. 1994), for the proposition that a district court must expressly retain jurisdiction to enforce a settlement agreement. *Morris* is inapposite, however. The district court in this case did not exercise jurisdiction over the Settlement Agreement, but instead exercised its inherent power to enforce the terms of the Stipulated Judgment. As such, the court's jurisdiction over the contempt proceeding was proper, regardless of any express retention of jurisdiction to enforce compliance.

alleged failure to comply with the Settlement Agreement could not divest the court of its inherent jurisdiction to enforce its own orders.[2]

## B. Finding of Contempt

This court reviews a district court's determination of civil contempt for abuse of discretion. *FTC v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004). A district court has abused its discretion when its "adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact." *Id.* The district court's factual findings are clearly erroneous only if they are "without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998).

To prevail in the district court, a plaintiff must prove, by clear and convincing evidence: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). The Local Pages does not dispute the validity of the Stipulated Judgment or its knowledge of the

---

[2]Significantly, the Stipulated Judgment did not incorporate the procedural provisions of the Settlement Agreement. Thus, if The Local Pages has a claim against PDC at all, it is one for breach of contract, which it has not properly raised on appeal. *See Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) ("Standing alone, a settlement agreement is nothing more than a contract . . . .").

order. Therefore, the contempt order is proper if there is clear and convincing evidence the Stipulated Judgment was violated.

The district court did not abuse its discretion in finding clear and convincing evidence The Local Pages violated the Stipulated Judgment.[3] Three witnesses, all customers of PDC, testified at the contempt hearing that employees of The Local Pages had represented themselves as affiliated with PDC when making sales calls. Lisa Preece stated a Local Pages employee told her he was with the Basin Directory and asked her to renew her yellow pages listing. Joelle Martinsen testified Ball entered her store carrying a PDC directory and confirmed, in response to Martinsen's question, that it was time for renewal. Brad Hafen explained he also was asked to renew his subscription and was faxed a copy of his PDC ad by The Local Pages caller. In addition to providing evidence of false representations of affiliation, the testimony of these witnesses supports the district court's finding that employees of The Local Pages falsely passed off the PDC directory as their own. It was reasonable for the district court to find that by asking for renewals rather than new subscriptions, The Local Pages employees implied they worked for the PDC directory, in which the customers already had placed advertisements. In addition, Brandy Johnson's testimony is

---

[3]As owner and president of The Local Pages, Clark had the obligation to prevent the corporation's violation of the Stipulated Judgment. *See FTC v. Kuykendall*, 371 F.3d 745, 759 (10th Cir. 2004). Thus, the district court's determination that employees of The Local Pages violated the Stipulated Judgment is sufficient to support an order of contempt against Clark as well.

direct evidence of false representations that PDC would no longer publish a directory in the region and The Local Pages would be replacing it. In her testimony, Johnson stated Ball explicitly told her the Basin Phone Directory would no longer be serving the Uintah Basin and The Local Pages would now serve the region.

In challenging the sufficiency of the evidence, The Local Pages attempts to discount the witnesses' testimony by noting contradictions between their testimony at trial and at deposition. It is well-settled that determinations of witness credibility are for the district court, and this court "will therefore not reexamine the credibility of a witness' testimony on appeal." *United States v. Silvers*, 84 F.3d 1317, 1328 (10th Cir. 1996). Recognizing this principle, The Local Pages attempts to characterize its claim as a challenge to the strength of the evidence, not its credibility. This distinction is unconvincing, however, as challenges to the witnesses' faulty assumptions, confusion, and contradictions go directly to credibility. Because the district court chose to believe the witnesses' testimony and explanations for the alleged contradictions, this court will not disrupt the district court's finding. Likewise, The Local Pages' reliance on Ball's testimony to controvert PDC's witnesses is misplaced, because the district court explicitly found Ball was not believable.

The Local Pages also argues the hearing testimony, even if accepted as true, does not provide sufficient evidence the Stipulated Judgment was violated.

It first points out that no provision of the Stipulated Judgment prohibits Local Pages employees from taking a competitor's directory into a sales meeting or sending a copy of the customer's ad in a competing directory. This argument misses the point. While these acts are not alone violations of the Stipulated Judgment, they are evidence of an intent to pass off PDC's directory as their own. The Local Pages also argues its employee's statement that he was with the Basin Directory was not a false statement because Basin Directory is a generic name which can describe any directory in the region, including that of The Local Pages.[4] The district court, however, determined false representations of affiliations were made. Given The Local Pages' awareness of the Basin Directory, this finding was not clearly erroneous. Finally, this court rejects the argument that representations to employees without purchasing power do not amount to representations to customers. Because these employees interacted with The Local Pages salespeople regarding the purchase of yellow pages ads, it was not clearly erroneous for the district court to determine false representations to these employees constituted false representations to customers.

---

[4]In its brief, The Local Pages challenges the validity of PDC's right to "Basin Directory" as a protectable trademark. Appellant Br. at 17-18. This issue was not argued before the district court and this court will not consider it on appeal. *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1047 (10th Cir. 2005) ("Absent extraordinary circumstances not present here, we do not address arguments raised for the first time on appeal." (citation omitted)). In any event, The Local Pages agreed in the Settlement Agreement and Stipulated Judgment not to falsely represent its affiliation with PDC, so the trademark's legal protection is irrelevant.

The Local Pages makes two additional challenges to the district court's findings, which this court also rejects. First, The Local Pages' contention that the district court based its finding of contempt solely on its disbelief of Ball's testimony is belied by the court's oral ruling. In its ruling, the court explained its findings were based on the testimony of PDC's witnesses. It only noted its disbelief of Ball to acknowledge, and discount, the competing evidence. This court also concludes the district court's findings were sufficient under Rule 52(a) to allow for meaningful appellate review. The court's oral ruling indicated which testimony supported its findings as to each violation. Based on this reference, this court was able to examine the witnesses' testimony to determine whether those findings were clearly erroneous.

Thus, the evidence presented at the hearing adequately supported the district court's determination that PDC proved, by clear and convincing evidence, The Local Pages violated the Stipulated Judgment. This court therefore concludes the district court did not abuse its discretion in holding The Local Pages in contempt.[5]

---

[5]To the extent The Local Pages argues the district court applied the wrong legal standard, this argument directly contradicts the court's written conclusions of law, in which it twice states PDC proved a violation of the injunction by clear and convincing evidence. The district court first states, "PDC met its burden of proving by clear and convincing evidence . . . that defendants disobeyed the order." It continues, "Specifically, PDC proved by clear and convincing evidence that defendants violated Subparagraphs 1,2,3, and 4 of the injunction . . . ." Based on these statements and the sufficiency of the evidence discussed above,

(continued...)

### C. Substantial Compliance

While some courts have recognized substantial compliance as a defense in a contempt proceeding, this court has not previously recognized the defense in a published opinion.[6] In those courts that have recognized the defense, a defendant who has violated a court order may avoid liability for contempt "by showing by clear and convincing evidence that 'all reasonable steps' were taken in good faith to ensure compliance with the court order and that there was substantial compliance." *Bauchman v. W. High Sch.*, 906 F. Supp. 1483, 1494 (D. Utah 1995). The Local Pages argues it took such reasonable steps by (1) ensuring all sales representatives received and reviewed a copy of the Stipulated Judgment and (2) establishing and enforcing a Code of Conduct for employees that went beyond the standards set forth in the Stipulated Judgment.

This court need not decide whether to recognize substantial compliance as a defense in this circuit. Assuming the defense exists, The Local Pages has failed to prove it should apply in this case. The district court concluded that although

---

[5](...continued)
this court concludes the district court fully understood the evidentiary standard it was required to apply.

[6]This court has recognized a defense when a defendant shows by clear and convincing evidence that he was "plainly and unmistakably" unable to comply with the court order. *Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483, 1486 (10th Cir. 1985). Although this defense is related to the substantial compliance defense argued by The Local Pages, it is a separate defense, focusing on the impossibility of compliance rather than the level of compliance achieved. The Local Pages does not argue it was unable to comply with the Stipulated Judgment.

some steps were taken to ensure compliance with the Stipulated Judgment, these steps were insufficient to constitute a defense. Specifically, the court noted Ball's testimony that she was never presented the Settlement Agreement or the Stipulated Judgment for her review.[7] Because the question of whether The Local Pages substantially complied with the court order is part of the determination of contempt, this court reviews the district court's conclusion for abuse of discretion. *See Hallett v. Morgan*, 296 F.3d 732, 750 (9th Cir. 2002).

Given Ball's testimony and The Local Pages' failure to further investigate Ball's behavior after the alleged misconduct, the district court's conclusion as to the steps taken by The Local Pages was not an abuse of discretion. Contrary to The Local Pages' assertions, the district court did not abuse its discretion in concluding the existence of a policy did not alone constitute all reasonable steps to ensure compliance. This is especially true in light of evidence the policy was insufficient to ensure employees actually read the Stipulated Judgment. Further, the numerous violations of the Stipulated Judgment discussed above undermine The Local Pages' contention that it in fact substantially complied with the court

---

[7]The Local Pages argues this finding conflicts with testimony by Clark that all employees were provided copies of the Stipulated Judgment and Settlement Agreement. The district court's findings indicate, however, it found a difference between the company policy, as testified to by Clark, and the application of that policy in this instance. Further, Ball's written certification that she received the Stipulated Judgment and Settlement Agreement does not make this finding clearly erroneous because her hearing testimony directly contradicts this certification.

order.  Thus, the district court did not abuse its discretion in denying The Local

Pages' substantial compliance defense.[8]

## IV.  Conclusion

For the foregoing reasons, this court **affirms** the district court's order of

contempt against The Local Pages and the order requiring The Local Pages to pay

PDC's costs and attorneys' fees.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[8]The Local Pages' reliance on *Bauchman v. West High School*, 906 F. Supp. 1483 (D. Utah 1995), is misplaced.  In that case, the court found school authorities had substantially complied with a court order enjoining the singing of two religious songs at high school graduation, even though students and audience members defied the authorities and sang the songs nevertheless.  The Local Pages attempts to liken this case to *Bauchman* by arguing the violation by Ball was similarly out of its control.  This case is distinguishable, however, because the violations were not committed by unrelated third parties, as in *Bauchman*, but by The Local Pages' own employee.